CATHERINE CORTEZ MASTO
Attorney General
C. WAYNE HOWLE
Solicitor General
WHowle@ag.nv.gov
Nevada State Bar #3443
100 North Carson Street
Carson City, Nevada 89701-4717
Telephone: (775) 684-1227
Facsimile: (775) 684-1108
Attorneys for Governor Brian Sandoval

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BEVERLY SEVCIK, et al.<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>BRIAN SANDOVAL, et al.<br><br>　　　　Defendants. | CASE NO. 2:12-CV-00578-RLH-(PAL) |

### DEFENDANT GOVERNOR BRIAN SANDOVAL'S MOTION TO DISMISS

Defendant Governor Brian Sandoval (Sandoval), acting in his official capacity by and through his attorneys, Nevada Attorney General Catherine Cortez Masto and Solicitor General

////
////
////
////
////
////
////
////

1

C. Wayne Howle, hereby moves this court to dismiss Plaintiffs' complaint against him. This Motion is made pursuant to Fed. R. Civ. P. Rule 12(b)(1), the attached memorandum of points and authorities and all of the papers and pleadings on file in this case.

DATED this 17th day of May, 2012.

CATHERINE CORTEZ MASTO
Attorney General
By:   /s/ C. Wayne Howle
C. Wayne Howle
Solicitor General
Nevada State Bar #3443
100 North Carson Street
Carson City, Nevada  89701
(775) 684-1227
(775) 684-1108 (f)
*Attorneys for Defendant*
*Hon. Brian Sandoval*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF THE CASE

Plaintiffs in this action seek to invalidate, by declaratory judgment, (1) Article 1, sec. 21 of the Nevada Constitution; (2) Nevada Revised Statutes § 122.020, and (3) any other sources of state law that exclude same-sex couples from marrying. *See* Complaint at 29. They have named the Governor of Nevada and three county clerks, all in their official capacities. They allege that, by classifying people and couples according to their gender, these laws deny equal treatment under the Equal Protection Clause of the Fifth and Fourteenth Amendments. Specifically they claim that such law "serves no purpose other than to impose a stigmatizing government label of inferiority upon lesbians and gay men and their relationships and denies Plaintiffs equal treatment based on their sexual orientation and sex." They conclude that they are entitled to declaratory and injunctive relief pursuant to 42 U.S.C. § 1983.

### II. ARGUMENT

The court may dismiss a complaint as a matter of law for lack of jurisdiction. Fed. R. Civ. P. 12(b)(1). An action may be dismissed for want of jurisdiction where the claim alleged

2

under Constitution or federal statutes clearly is insubstantial and frivolous. *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337 (9th Cir. 1981).

This action challenges Nevada's laws regarding marriage. Nevada's authority over marriage is as firmly rooted as any other state's. The entirety of domestic relations including marriage is governed by fourteen chapters in Title 11 of the Nevada Revised Statutes. Marriage is governed by Nev. Rev. Stat. Chapt. 122. "[A] male and a female person, at least 18 years of age, not nearer of kin than second cousins or cousins of the half blood, and not having a husband or wife living, may be joined in marriage." NRS 122.020(1). To be valid, marriage must be solemnized. Nev. Rev. Stat. 122.010(1). Provisions are established for authenticating marriage. Nev. Rev. Stat. 122.040. Marriage requires a license issued by the county clerk. Nev. Rev. Stat. 122.040. Persons who administer marriages must be certified. Nev. Rev. Stat. 122.062 et seq.

Here there is no substantial federal question presented by plaintiffs' complaint. The plaintiffs' theory is that laws which prevent same-sex couples from marrying are unconstitutional under the federal Constitution because they violate the Equal Protection guarantees of the U.S. Constitution. But this argument was decided adversely to the plaintiffs in *Baker v. Nelson*, 191 N.W.2d 185, 185 (Minn. 1971). And a petition for certiorari was thereafter summarily dismissed. 409 U.S. 810 (1972) (mem.). Based upon this precedent, there is no federal question presented in this case because the central question involved—the definition of marriage—is peculiarly and traditionally the right of states to define.

States have always had "the absolute right to prescribe the conditions upon which the marriage relation between [their] own citizens shall be credited...." *Pennoyer v. Neff*, 95 U.S. 714, 734–35 (1878), *reaffirmed in Sosna v. Iowa*, 419 U.S. 393, 404 (1975).

> Marriage, as creating the most important relation in life, as having more to do with the morals and civilization of a people than any other institution, has always been subject to the control of the legislature. That body prescribes the age at which parties may contract to marry, the procedure or form essential to constitute marriage, the duties and obligations it creates, its effects upon the property rights of both, present and prospective, and the acts which may constitute grounds for its dissolution.

*Maynard v. Hill*, 125 U.S. 190, 205 (1888).

> As Justice Stewart opined in his concurrence in *Zablocki v. Redhail* [434 U.S. 374, 392 (1978)], a State may in many circumstances absolutely prohibit [marriage]. Surely, for example, a State may legitimately say that no one can marry his or her sibling, that no one can marry who is not at least 14 years old, that no one can marry without first passing an examination for venereal disease, or that no one can marry who has a living husband or wife.

*Perry v. Nelson*, 671 F.3d 1052, 1098 (9th Cir. 2012) (N.R. Smith, Circuit Judge, concurring in part and dissenting in part).

The States' right to define marriage is pervasively acknowledged throughout the nation's law:

> Both states and the federal government have long sought to embody, in the law, our Nation's deep-rooted respect for traditional marriage. See, e.g., 28 U.S.C. § 1738C; *Reynolds v. United States*, 98 U.S. 145, 164–66, 168, 25 L.Ed. 244 (OT 1878); *Adams v. Howerton*, 673 F.2d 1036, 1039–40, 1042–43 (9th Cir.1982); *Baker v. Nelson*, 291 Minn. 310, 191 N.W.2d 185, 185–87 (1971). In the past decade alone, many states have amended their constitutions to affirm that respect and to fortify the protections of traditional marriage notwithstanding that some states have voted to extend the status of marriage to same-sex couples.

*Diaz v. Brewer*, ___ F.3d ___, 2012 WL 1109335 (9th Cir. 2012) (O'Scannlain, Circuit Judge, joined by Bea, Circuit Judge, dissenting from order denying rehearing en banc).

In fact the right of states to define marriage is so well-established that the U.S. Supreme Court has labeled a same-sex challenge to marriage laws unsubstantial. In *Baker v. Nelson*, 191 N.W.2d 185 (Minn. 1971), two men challenged Minnesota's law limiting marriage to opposite sex couples. The state court quoted *Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535, 541 (1942):

> Marriage and procreation are fundamental to the very existence and survival of the race. This historic institution manifestly is more deeply founded than the asserted contemporary concept of marriage and societal interests for which petitioners contend. The due process clause of the Fourteenth Amendment is not a charter for restructuring it by judicial legislation.

*Baker v. Nelson*, 191 N.W.2d at 186 (internal quotations omitted). Following this, the court expressly held: "The equal protection clause of the Fourteenth Amendment, like the due process clause, is not offended by the state's classification of persons authorized to marry. There is no irrational or invidious discrimination." *Id.*, 191 N.W.2d at 187. On appeal to the

4

U.S. Supreme Court, the *Baker* decision was affirmed by the Court's summary dismissal of the appeal for want of a substantial question. *Baker v. Nelson*, 409 U.S. 810 (1972) (mem.).

This disposition by the U.S. Supreme Court was a decision on the merits. *Hicks v. Miranda*, 422 U.S. 332, 344 (1975). It is therefore controlling precedent.

> [L]ower courts are bound by summary decisions by [the Supreme] Court until such time as the Court informs (them) that (they) are not. . . . Summary . . . dismissals for want of a substantial federal question . . . reject the specific challenges presented in the statement of jurisdiction and do leave undisturbed the judgment appealed from. They do prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions.

*Perry v. Nelson*, 671 F.3d at 1097 (N.R. Smith, Circuit Judge, concurring in part and dissenting in part.) (internal quotations and citations omitted), *quoting Mandel v. Bradley*, 432 U.S. 173, 176 (1977) (per curiam).

As noted by Judge Smith in his *Perry* dissent, the jurisdictional statements presented to the United States Supreme Court in *Baker v. Nelson* included "[w]hether appellee's refusal, pursuant to Minnesota marriage statutes, to sanctify appellants' marriage because both are of the male sex violates their rights under the equal protection clause of the Fourteenth Amendment." *Perry*, 671 F.3d at 1099. This question—the same one presented in the present action—was therefore necessarily decided.

Because, based on the *Baker v. Nelson* disposition, there is no substantial federal question presented by the complaint in this action, the court lacks jurisdiction, *see, e.g., Charmicor, Inc. v. Deaner*, 572 F.2d 694, 695 (9th Cir. 1978), and consequently it should be dismissed. Fed. R. Civ. P. Rule 12(b)(1). Lack of substantial federal question is a ground for a motion to dismiss. *Aralac, Inc. v. Hat Corp. of America*, 166 F.2d 286 (3rd Cir. 1948). See also *Gilstrap v. Standard Oil Co.*, 108 F.2d 736 (9th Cir. 1940), certiorari denied 311 U.S. 661, rehearing denied 311 U.S. 727. See also *Humboldt Lovelock Irr. Light & Power Co. v. Smith*, 28 F.Supp. 421 (D.Nev. 1939) ("[i]n the decision heretofore rendered it was held: 'The complaint does not set out a substantial federal question and, consequently, this court lacks jurisdiction to dispose of the case upon its merits.' Manifestly, this was a decision that the

court had no jurisdiction").

The present case is analogous to the decision in *Hernstadt v. Hernstadt*, 373 F.2d 316 (2nd Cir. 1967), where the court determined there was no constitutional claim arising out of domestic relations dispute, and the action was dismissed as an impermissible attempt to embroil federal courts in matrimonial matters best left to states. Likewise here, the states' rights to regulate and define marriage are well-established and fully recognized in the law. The lawsuit here, too, is an "impermissible attempt to embroil federal courts in [ ] matters best left to states."

### III. CONCLUSION

Since *Baker v. Nelson*, there has been no substantial federal question about whether the Constitution requires states to authorize same-sex marriage. It does not. Nothing in the law since *Baker v. Nelson* has altered this. The Supreme Court has not held to the contrary, nor has the Ninth Circuit in *Perry*. The Court in *Perry* was only "examining whether the people of a state may by plebiscite strip a group of a right or benefit, constitutional or otherwise, that they had previously enjoyed on terms of equality with all others in the state." *Diaz v. Brewer*, (O'Scannlain dissenting from order denying rehearing en banc) (internal citations omitted). The law is settled, and unless and until it is unsettled, plaintiffs' claims in this action fail to state a substantial federal question. Consequently the court lacks jurisdiction and, respectfully, the action should be dismissed.

DATED this 17th day of May, 2012.

                CATHERINE CORTEZ MASTO
                Attorney General
                By:   /s/ C. Wayne Howle
                        C. Wayne Howle
                        Solicitor General
                        Nevada State Bar #3443
                        100 North Carson Street
                        Carson City, Nevada  89701
                        (775) 684-1227
                        (775) 684-1108 (f)
                        *Attorneys for Defendant*
                        *Hon. Brian Sandoval*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 17, 2012.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

- **D. Chris Albright**
  dca@albrightstoddard.com,cgrey@albrightstoddard.com
- **Rahi Azizi**
  razizi@omm.com
- **Tara Borelli**
  tborelli@lambdalegal.org,stoy@lambdalegal.org,jfarnsworth@lambdalegal.org
- **Marek P. Bute**
  mbute@swlaw.com,mfull@swlaw.com,docket_las@swlaw.com,jmath@swlaw.com,nunzueta@swlaw.com
- **Carla Christofferson**
  cchristofferson@omm.com,kezell@omm.com
- **Melanie Cristol**
  mcristol@omm.com
- **Jon W. Davidson**
  jdavidson@lambdalegal.org
- **Shelbi Day**
  sday@lambdalegal.org
- **Kelly H Dove**
  kdove@swlaw.com,bsanderson@swlaw.com,DOCKET_LAS@swlaw.com
- **C. Wayne Howle**
  whowle@ag.nv.gov,vbeavers@ag.nv.gov
- **Herbert B. Kaplan**
  hkaplan@da.washoecounty.us,mifoster@da.washoecounty.us,tgalli@da.washoecounty.us

7

- **Randal R. Munn**
  RMunn@carson.org

- **Peter C Renn**
  prenn@lambdalegal.org,stoy@lambdalegal.org

- **Dawn Sestito**
  dsestito@omm.com

                                                  s/Vicki Beavers
                                                  Vicki Beavers
Employee of the State of Nevada
Office of the Attorney General