JON W. DAVIDSON (*pro hac vice*)
TARA L. BORELLI (*pro hac vice*)
PETER C. RENN (*pro hac vice*)
SHELBI DAY (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3325 Wilshire Boulevard, Suite 1300
Los Angeles, California  90010
Email:  jdavidson@lambdalegal.org
        tborelli@lambdalegal.org
        prenn@lambdalegal.org
        sday@lambdalegal.org
Tel:  213.382.7600 | Fax:  213.351.6050

CARLA CHRISTOFFERSON (*pro hac vice*)
DAWN SESTITO (*pro hac vice*)
MELANIE CRISTOL (*pro hac vice*)
RAHI AZIZI (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071
Email:  cchristofferson@omm.com
        dsestito@omm.com
        mcristol@omm.com
        razizi@omm.com
Tel:  213.430.6000 | Fax:  213.430.6407

KELLY H. DOVE (Nevada Bar No. 10569)
MAREK P. BUTE (Nevada Bar No. 09989)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
Email:  kdove@swlaw.com
        mbute@swlaw.com
Tel:  702.784.5200 | Fax:  702.784.5252

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BEVERLY SEVCIK and MARY BARANOVICH; ANTIOCO CARRILLO and THEODORE SMALL; KAREN GOODY and KAREN VIBE; FLETCHER WHITWELL and GREG FLAMER; MIKYLA MILLER and KATRINA MILLER; ADELE TERRANOVA and TARA NEWBERRY; CAREN CAFFERATA-JENKINS and FARRELL CAFFERATA-JENKINS; and MEGAN LANZ and SARA GEIGER,<br><br>Plaintiffs, | No. 2:12-CV-00578-RCJ-PAL<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

| | |
|---|---|
| 1 | v. |
| 2 | BRIAN SANDOVAL, in his official capacity as Governor of the State of Nevada; DIANA ALBA, in her official capacity as Clerk for Clark County; AMY HARVEY, in her official capacity as Clerk for Washoe County; and ALAN GLOVER, in his official capacity as Clerk-Recorder for Carson City, |
| 6 | Defendants. |

**SPECIAL SCHEDULING REVIEW REQUESTED**

1. <u>Special Scheduling Review Is Requested</u>.  The parties wish to proceed expeditiously to the merits of this matter and agree, as described further below, that if the pending motion to dismiss filed by Defendant Brian Sandoval and joined by Defendant Alan Glover is denied, any party wishing to file a motion for summary judgment will do so within 21 days following any denial of the pending motion to dismiss, or within 21 days following the ruling on the pending motion to intervene, whichever is later in time.  The parties further agree that in the event that all motions for summary judgment are denied by the Court, the parties will proceed based upon the schedule described below, which is contingent on the date of the Court's disposition of the motions for summary judgment.  Once dates certain are known, Plaintiffs will file an updated discovery plan and scheduling order within five days.  Because the proposed schedule may potentially cause the discovery cut-off to occur more than 180 days from the date that the first defendant appeared, the parties respectfully request special scheduling review of their proposed schedule.

2. <u>Meeting</u>.  Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a meeting was held on May 24, 2012, and was attended by Tara Borelli, Peter Renn, Melanie Cristol and Kelly Dove on behalf of all Plaintiffs; and C. Wayne Howle for Defendant Brian Sandoval; Herbert B. Kaplan for Defendant Amy Harvey; and Randal R. Munn for Defendant Alan Glover.  Plaintiffs' counsel conferred separately with Michael Foley, counsel for Defendant Diana Alba.

3. <u>Discovery Plan</u>.  The parties jointly propose to the Court the following discovery plan:

      (a)    <u>Initial Disclosures</u>.  The parties have until June 7, 2012, 14 days after the LR 26-1(d) and Fed. R. Civ. P. 26(f) meeting was held, to serve their initial disclosures on all parties pursuant to Fed. R. Civ. P. 26(a)(1).

      (b)    <u>Subject of Discovery</u>.  Plaintiffs are eight same-sex couples who allege that Defendants' exclusion of them from the ability to marry, or to have a valid marriage from another jurisdiction recognized as a marriage, violates the guarantees of equal protection based on sexual orientation and sex under the Fourteenth Amendment to the United States Constitution.  To the extent that any discovery occurs before the filing of cross-motions for summary judgment, the parties anticipate that the following issues may be subject to discovery:  the factual bases of Plaintiffs' claims, any governmental interests that any Defendant may advance as a rationale for the exclusion of Plaintiffs from marriage, and any other defenses that Defendants may raise.

      (c)    <u>Motions for Summary Judgment</u>.  As noted above, if the pending motion to dismiss is denied, any party wishing to file a motion for summary judgment shall do so within 21 days after a denial of the pending motion to dismiss, or 21 days following the ruling on the pending motion to intervene, whichever is later in time.  The parties also respectfully request that any responsive opposition brief be due 60 days after the filing of the motion, so as to permit the standard period of time provided by LR 26-1(e)(3) for expert discovery, if any is necessary.  The parties agree that reply briefs may be filed within 30 days after opposition briefs are due.

      (d)    <u>Other Dispositive Motions</u>.  In the event that all motions for summary judgment filed pursuant to paragraph 3(c) are denied, the parties shall have until 30 days after the discovery cut-off date described below to file any other dispositive motions.  This does not exceed the limit of 30 days following the discovery cut-off date that LR 26-1(e)(4) presumptively sets for filing dispositive motions.

      (e)    <u>Discovery Cut-Off Dates</u>.  In the event that all motions for summary judgment filed pursuant to paragraph 3(c) are denied, the parties agree that the discovery cut-off date will be 90 days from the date of the Court's last disposition of any party's motion for summary judgment.

      (f)    <u>Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)</u>.  Disclosure of experts shall

proceed according to LR 26-1(e)(3), which provides that:

   (1) The disclosure of experts and expert reports shall occur 60 days before the discovery cut-off date; and

   (2) The disclosure of rebuttal experts and their reports shall occur 30 days before the discovery cut-off date.

 4. <u>Other items</u>.

  (a) <u>Amending the Pleadings and Adding Parties</u>.  The parties have until 75 days before the discovery cut-off date to file any motion to amend the pleadings or to add parties.

  (b) <u>Interim Status Report</u>.  The undersigned counsel certify that they have read LR 26-3 and that the parties shall file the interim status report required by LR 26-3 not later than 60 days before the discovery cut-off date.

  (c) <u>Settlement</u>.  The issue of whether settlement discussion is appropriate was addressed, and given the nature of the case, none of the parties believes that this case is amenable to a resolution through settlement.

  (d) <u>Pretrial Order</u>.  The pretrial order shall be filed by 30 days after the date set for filing dispositive motions in the case.  This case is suspended if the dispositive motions are timely filed.  The disclosures required by FRCP 26(a)(3) shall be made in the joint pretrial order.

  (e) <u>Court Conference</u>.  The parties do not request a conference with the Court before entry of the scheduling order.

  (f) <u>Later Appearing Parties</u>.  If an additional defendant should appear, Plaintiffs shall serve a copy of this discovery plan and scheduling order within five days after such defendant becomes a party to the case.  This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown, orders otherwise.

  (g) <u>Extension or Modification of the Discovery Plan and Scheduling Order</u>.  LR 26-4 governs modifications or extensions of this discovery plan and scheduling order.  Any stipulation or motion must be made not later than 21 days before the expiration of the subject deadline and comply fully with LR 26-4.

(h)(1)  <u>Clawback Agreement</u>.  In the event that any party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted.  Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

(h)(2)  If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or documents and any copies within ten days of the notification.  The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

(h)(3)  In the event that the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient(s) may, following the return and destruction described in paragraph (h)(2) above, challenge the privilege claim through a motion to compel or other pleading with the Court in which the litigation is currently pending.  The parties agree that any review of items by the judge shall be an in camera review.

(h)(4)  Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s).  Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any party may wish to assert under applicable state or federal law.

(i) <u>Privilege</u>.  No party by virtue of this agreement waives any claim of privilege or right to seek a protective order on grounds of privilege.

Dated:  June 1, 2012

| | |
|---|---|
| LAMBDA LEGAL DEFENSE AND<br>EDUCATION FUND, INC.<br><br> /s/ Tara L. Borelli<br>JON W. DAVIDSON (*pro hac vice*)<br>TARA L. BORELLI (*pro hac vice*)<br>PETER C. RENN (*pro hac vice*)<br>SHELBI DAY (*pro hac vice*)<br>3325 Wilshire Boulevard, Suite 1300<br>Los Angeles, California  90010<br><br>KELLY H. DOVE<br>MAREK P. BUTE<br>SNELL & WILMER LLP<br>3883 Howard Hughes Parkway, Suite 1100<br>Las Vegas, Nevada  89169<br><br>*Attorneys for Plaintiffs* | CARLA CHRISTOFFERSON (*pro hac vice*)<br>DAWN SESTITO (*pro hac vice*)<br>MELANIE CRISTOL (*pro hac vice*)<br>RAHI AZIZI (*pro hac vice*)<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, California  90071 |

Dated:  June 1, 2012                                                         Dated:  June 1, 2012

| | |
|---|---|
| CATHERINE CORTEZ MASTO<br>Nevada Attorney General<br><br> /s/ C. Wayne Howle<br>C. WAYNE HOWLE<br>Solicitor General<br>100 N. Carson St.<br>Carson City, NV 89701<br><br>*Attorneys for Defendant Brian Sandoval* | NEIL ROMBARDO<br>District Attorney<br><br> /s/ Randal R. Munn<br>RANDAL R. MUNN<br>Chief Deputy District Attorney<br>885 E. Musser St. Ste. 2030<br>Carson City, NV 89701<br><br>*Attorneys for Defendant Alan Glover* |

Dated:  June 1, 2012                                                         Dated:  June 1, 2012

| | |
|---|---|
| RICHARD A. GAMMICK<br>District Attorney<br><br> /s/ Herbert B. Kaplan<br>HERBERT B. KAPLAN<br>Deputy District Attorney<br>P. O. Box 11130<br>Reno, NV 89520-3083<br><br>*Attorneys for Defendant Amy Harvey* | STEVEN B. WOLFSON<br>District Attorney<br><br> /s/ Michael Foley<br>MICHAEL FOLEY<br>Deputy District Attorney<br>500 So. Grand Central Pkwy, Fifth Floor<br>Las Vegas, NV 89155<br><br>*Attorneys for Defendant Diana Alba* |

**ORDER**

**IT IS SO ORDERED.**

Dated: _____, 2012.

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that I will electronically file the foregoing with the Clerk of the Court for the United States District Court, District of Nevada by using the CM/ECF system on June 1, 2012. All participants in the case are registered CM/ECF users, and will be served by the CM/ECF system.

By: /s/ Jamie Farnsworth
Jamie Farnsworth
3325 Wilshire Boulevard, Suite 1300
Los Angeles, CA  90010