**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BEVERLY SEVCIK, et al., ) | |
| ) Plaintiffs, ) | Case No. 2:12-cv-00578-RCJ-PAL |
| ) vs. ) | **ORDER** |
| ) BRIAN SANDOVAL, et al., ) | |
| ) Defendants. ) | |

This matter is before the court on Intervenor Defendant's failure to file a Certificate as to Interested Parties as required by LR 7.1-1. The Complaint (Dkt. #1) in this matter was filed April 10, 2012. Defendants Sandoval and Glover filed Motions to Dismiss (Dkt. ##32, 33) May 17 and 18, 2012. Defendants Alba and Harvey filed their Answers (Dkt. #34, 35) May 18, 2012. CPM's Motion to Intervene (Dkt. #30) was filed May 15, 2012. LR 7.1-1(a) requires, unless otherwise ordered, that in all cases (except *habeas corpus* cases) *pro se* litigants and counsel for private parties shall, upon entering a case, identify in the disclosure statement required by Fed. R. Civ. P. 7.1 all persons, associations of persons, firms, partnerships or corporations (including parent corporations) which have a direct, pecuniary interest in the outcome of the case. LR 7.1-1(b) further states that if there are no known interested parties, other than those participating in the case, a statement to that effect must be filed. Additionally, LR 7.1-1(c) requires a party to promptly file a supplemental certification upon any change in the information that this rule requires. To date, Intervenor Defendant has failed to comply. Accordingly,

**IT IS ORDERED** Intervenor Defendant shall file its Certificate as to Interested Parties, which

/ / /

/ / /

1  fully complies with LR 7.1-1 **no later than 4:00 p.m., June 18, 2012.** Failure to comply may result in
2  the issuance of an order to show cause why sanctions should not be imposed.
3      Dated this 7th day of June, 2012.

                                                          _____
Peggy A. Leen
United States Magistrate Judge