CATHERINE CORTEZ MASTO
Attorney General
C. WAYNE HOWLE
Solicitor General
WHowle@ag.nv.gov
Nevada State Bar #3443
100 North Carson Street
Carson City, Nevada  89701-4717
Telephone:  (775) 684-1227
Facsimile:  (775) 684-1108
*Attorneys for Governor Brian Sandoval*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BEVERLY SEVCIK, et al. | CASE NO. 2:12-CV-00578-RCJ-(PAL) |
| Plaintiffs, | |
| vs. | |
| GOVERNOR BRIAN SANDOVAL, acting in his official capacity, et al., | |
| Defendants. | |

### **DEFENDANT GOVERNOR BRIAN SANDOVAL'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

Defendant Governor Brian Sandoval (Governor), acting in his official capacity by and through his attorneys, Nevada Attorney General Catherine Cortez Masto and Solicitor General C. Wayne Howle, present this Reply to Plaintiffs' Opposition to the Governor's Motion to Dismiss.

DATED this 21st day of June, 2012.

> CATHERINE CORTEZ MASTO
> Attorney General for the State of Nevada
>
> By: /s/ C. Wayne Howle
>     C. Wayne Howle
>     Solicitor General
>     *Attorneys for Defendant*
>     *Governor Brian Sandoval*

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Governor has argued in his motion to dismiss that the disposition in *Baker v. Nelson,* 409 U.S. 810 (1972) precludes argument here that there is a constitutional right to same sex marriage.  In *Baker,* the Court summarily dismissed an appeal from a state court's decision that denial of a marriage license to two males who wished to marry was not a violation of equal protection and other rights

In opposition to the Governor's motion, Plaintiffs attempt to (1) distinguish *Baker,* and (2) claim that *Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012), is analogous and controlling.

**1.    *BAKER* IS CONTROLLING PRECEDENT, AND *PERRY* IS NOT DETERMINATIVE.**

Plaintiffs assert that *Baker* has no application here, but it most certainly does.  Whether or not the *Baker* summary dismissal is relevant in a case such as this one was carefully considered just last month.  The First Circuit Court of Appeals stated, on examination of an Equal Protection claim, that the Defense of Marriage Act, 1 U.S.C. § 7 (DOMA) is unconstitutional:  "*Baker* does not resolve our own case but it does limit the arguments to ones that do not presume or rest on a constitutional right to same-sex marriage."  *Commonwealth of Massachusetts v. U.S. Dept. of Health and Human Services,* ___ F.3d ___, 2012 WL 1948017  (1st Cir. 2012).  In other words, *Baker* is determinative of cases that presume or rest on a constitutional right to same-sex marriage.  Resting on a constitutional right to same-sex marriage is precisely what plaintiffs' case here does, no matter how plaintiffs characterize it.[1]

Plaintiffs argue that "*Baker* did not even address a claim for violation of equal protection on the basis of sexual orientation."  Opposition at 4.  Plaintiffs with this argument are parsing words.  The lower court in *Baker* stated the issue it confronted to be "whether a marriage of two persons of the same sex is authorized by state statutes and, if not, whether state authorization is constitutionally compelled."  *Baker v. Nelson*, 191 N.W.2d 185 (Minn. 1971).  The statute under consideration, said the court, "is replete with words of heterosexual

---

[1] The Governor joins in the scholarly arguments about the applicability of *Baker* made by Defendant Alan Glover in his reply brief.  Ct. Doc. # 46.

Case 2:12-cv-00578-RCJ -PAL   Document 51   Filed 06/21/12   Page 3 of 5

[*compare with* homosexual] import." *Id.* at 186. The import of this, in turn, is that the Minnesota court certainly did directly consider sexual orientation as part of the case. The U.S. Supreme Court's disposition then necessarily encompassed the same.

Plaintiffs attempt to distinguish this case from *Baker* by relying on *Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012). The attempt fails. The *Perry* court declined to be bound by *Baker*, it is true, but it did so in a case in which the state had already established the right for same-sex couples to marry, and then took it away. Nevada has never established the right in the first place. The Ninth Circuit was at pains to explain the limits of its holdings in *Perry*:

> We need not and do not answer the broader question in this case, however, because California had already extended to committed same-sex couples both the incidents of marriage and the official designation of 'marriage,' and Proposition 8's only effect was to take away that important and legally significant designation, while leaving in place all of its incidents. This unique and strictly limited effect of Proposition 8 allows us to address the amendment's constitutionality on narrow grounds.

*Perry,* 671 F.3d at 1064. *Perry* therefore is not analogous to this case and is not controlling.

Plaintiffs also rely on doctrinal developments they perceive to have occurred since *Baker* that rob it of its efficacy. *See* Opposition at 10. However, the decision whether to reverse course in the law is the Supreme Court's alone. *Cf. Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions").

The *Commonwealth of Massachusetts* court, in concluding correctly that *Baker* determines a case such as this one, also recognized that the States' legitimate purpose in laws like those challenged here is to "preserve the heritage of marriage as traditionally defined over centuries of Western civilization." This is Nevada's purpose as well, and Nevada has never surrendered it. Plaintiffs are incorrect in their suggestion that Nevada "has disclaimed all conceivable rationales for treating same-sex couples differently by providing them the same rights and responsibilities as spouses through a legal status like Nevada's registered

partnership." Opposition at 4.  The opposite is true:  by establishing registered partnership as distinct from marriage, Nevada has not disclaimed anything; instead, it has exercised a primary state right to define what marriage is, and what it is not.  *Defining and preserving marriage* is Nevada's rationale for treating same-sex couples differently, and that purpose is not just legitimate, it is extremely important because it serves to define the culture and society of the State.

## 2.   SUGGESTION FOR STATUS CONFERENCE.

Currently pending before the Court are the Governor's and Defendant Alan Glover's motions to dismiss.  Also before the Court is a motion to intervene filed by the Coalition for the Protection of Marriage (Coalition), and the Coalition's objections to the parties' stipulated discovery and scheduling order.  Ct. doc. #43.  Because of the issues raised in the objection, the Governor takes this opportunity to respectfully suggest that the Court direct that a conference of the parties and intervenor be set for a coordinated resolution of the pending issues.

### CONCLUSION

Plaintiffs' purport to discern "tectonic shifts in constitutional jurisprudence regarding lesbians and gay men since *Baker*. . . ."  Opposition at 11.  However, in truth, nothing has changed since *Baker* regarding the right of same sex persons to marry, and the temblor Plaintiffs hope for is the one that would result from denial of the Governor's motion to dismiss in this case.  Respectfully, therefore, the Governor requests that this Court acknowledge the continuing effect of *Baker* and the continuing authority of the State of Nevada to define marriage; and that it consequently grant the motion to dismiss.

DATED this 21st day of June 2012.

    CATHERINE CORTEZ MASTO,
Attorney General for the State of Nevada
By:____s/ C. Wayne Howle_____
    C. Wayne Howle
    Solicitor General
    *Attorneys for Defendant*
    *Governor Brian Sandoval*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court District of Nevada by using the appellate CM/ECF system on June 21, 2012.

Participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system as follows:

| | |
|---|---|
| Carla Christofferson<br>O'Melveny & Myers LLP<br>cchristofferson@omm.com | Rahi Azizi<br>O'Melveny & Myers LLP<br>razizi@omm.com |
| Dawn Sestito<br>O'Melveny & Myers LLP<br>dsestito@omm.com | Shelbi Day<br>Lambda Legal Defense and Edu. Fund, Inc.<br>sday@lambdalegal.org |
| Kelly Dove<br>Snell & Wilmer, LLP<br>kdove@swlaw.com | Jon W. Davidson<br>Lambda Legal Defense and Edu. Fund, Inc.<br>jdavidson@lambdalegal.org |
| Marek P. Bute<br>Snell & Wilmer LLP<br>mbute@swlaw.com | Tara Borelli<br>Lambda Legal Defense and Edu. Fund, Inc.<br>tborelli@lambdalegal.org |
| Melanie Cristol<br>O'Melveny & Myers LLP<br>mcristol@omm.com | Peter C. Renn<br>Lambda Legal Defense and Edu. Fund, Inc.<br>prenn@lambdalegal.org |
| D. Chris Albright, Esq.<br>Albright, Stoddard, et al.<br>dca@albrightstoddard.com | Monte N. Stewart, Esq.<br>Belnap Stewart Taylor, et al.<br>stewart@bclnaplaw.com |
| Michael L. Foley<br>Clark County DA's Office<br>Michael.foley@ccdanv.com | Herbert B. Kaplan<br>Washoe Co. DA's Office<br>hkaplan@da.washoecounty.us |
| Randal R. Munn<br>Carson City DA's Office<br>RMunn@carson.org | Craig G. Taylor<br>Belnap Stewart Taylor, et al.<br>cgtaylor@belnaplaw.com |

s/Vicki Beavers
Vicki Beavers
Employee of the State of Nevada
Office of the Attorney General