Monte N. Stewart (Nevada Bar No. 1459)
Craig G. Taylor (Admitted *pro hac vice*)
**BELNAP STEWART TAYLOR & MORRIS PLLC**
12550 W. Explorer Drive, Suite 100
Boise, Idaho  83713
Tel:  (208) 345-3333 / Fax:  (208) 345-4461
Email:  stewart@belnaplaw.com
          ctaylor@belnaplaw.com

D. Chris Albright (Nevada Bar No. 4904)
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT, PC**
801 South Rancho Drive, Suite D4
Las Vegas, Nevada 89106-3854
Tel: (702) 384-7111 / Fax: (702) 384-0605
Email:  dca@albrightstoddard.com

*Lawyers for Intervenor-Defendant the Coalition for the Protection of Marriage*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BEVERLY SEVCIK et al., | ) Case No.: 2:12-cv-00578-RCJ-PAL |
| Plaintiffs, | ) **1) MOTION TO IMMEDIATELY STAY DISCOVERY PENDING RULING ON MOTION TO INTERVENE;** |
| vs. | ) |
| BRIAN SANDOVAL, etc., et al., | ) |
| Defendants, | ) **2) MEMORANDUM IN SUPPORT** |
| and | ) |
| COALITION FOR THE PROTECTION OF MARRIAGE, | ) **3) APPENDIX IN SUPPORT** |
| Intervenor-Defendant. | ) **EXPEDITED TREATMENT REQUESTED BEFORE JULY 3, 2012** |

1

**MOTION FOR STAY**

Intervenor-defendant, the Coalition for the Protection of Marriage ("Coalition") moves for an immediate and temporary stay of discovery pending this Court's ruling on the Coalition's motion to intervene in this civil action as a party defendant.  This motion is made pursuant to Federal Rule of Civil Procedure 26(c) and the Court's generally accepted authority to stay discovery as articulated in *Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254 (1936) and related case law.

This Motion is made on an expedited basis in light of two filings:  1) Notice of Taking Deposition of Diana Alba Clark County Clerk and 2) Notice of Taking Deposition of Amy Harvey Washoe County Clerk.  A copy is attached to the Supporting Appendix.  That appendix is referenced hereafter as "App."  The depositions for Ms. Harvey and Ms. Alba have been noticed up for July 3, 2012 and July 9, 2012 respectively.  App. 3-5 and 6-9.  Furthermore, counsel for the coalition has left repeated voice messages and emails to Nevada Attorney General's Office ("AGO") requesting that the above-identified depositions be postponed and informing the AGO that if those depositions are not rescheduled the Coalition will be filing the present motion to stay discovery.  App. 1.  Hearing no response from the AGO, and making a sincere and good faith effort to resolve the matter, the Coalition now moves forward with the present motion on an expedited basis because of the substantial prejudice that will result in the event the depositions of Ms. Harvey and Ms. Alba are permitted to go forward.[1]  *See* App.1.

This motion is supported by the points and authorities in the following Memorandum in Support and the Supporting Appendix.

---

[1] A detail description of the efforts made to resolve this matter is set forth in the Affidavit of Daniel W. Bower contained in the following Supporting Appendix.

**MEMORANDUM IN SUPPORT**

<u>INTRODUCTION</u>

The Coalition moved to intervene in this civil action as a party defendant, pursuant to Federal Rule of Civil Procedure 24(a)(2) and (b)(1)(B).  The very purpose of that motion was to reserve a seat at the litigation table--to gain access to the Courts and to be in a position to protect the Coalition's rights and interests pertaining to the constitutionality of the Marriage Amendment.  *See United States v. City of Los Angeles,* 288 F.3d 391, 397 (9th Cir. 2002) (recognizing that intervention by nonparties furthers the policy interests of "efficient resolution of issues and broadened access to the courts.") This Court has not yet ruled on the Coalition's motion.  However, there can be no question that the parties recognize the impact of having the Coalition as a party to the lawsuit and are attempting now to minimize that impact.  Such action is improper and circumvents the purposes and reasons behind intervention. The impropriety of these improper acts is most clearly evidenced by the need for the present motion to temporarily stay discovery pending the Court's ruling on the motion to intervene.  A stay is necessary only because of the presently constituted parties' orchestrated plan and insistence to move forward with discovery before this Court has ruled on the Coalition's motion to intervene.  Indeed, the rush to conduct discovery without input or participation by the Coalition is an implicit admission of the important role the Coalition can play in this matter--the only party ready, willing and able to defend the constitutionality of the Marriage Amendment.  Thus, the purpose of the present motion for a temporary stay is to prevent an end run around the Coalition's prior motion.

Specifically, the Coalition requests that the two pending depositions hastily scheduled for July 3rd and 9th--well before the Court can rule on the motion to intervene--be postponed until this Court rules on the pending motion.  The Coalition has made repeated attempts to postpone

these depositions by placing phone calls and emails to the Nevada Attorney General's Office ("AGO"). Those communications have not been returned necessitating the present expedited motion. In light of the non-response and in an effort to conserve judicial resource, the Coalition further requests that any other discovery also be stayed temporarily pending this Court's ruling on the motion to intervene. Without such protective action by this Court, the Coalition faces substantial prejudice by having no place and no say in the initial stages of discovery.

## LEGAL STANDARDS

Under Rule 26(c), a court enjoys the discretion to stay discovery "for good cause." *See Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). To justify a request for a stay, the moving party "must make out a clear case of hardship or inequity … if there is even a fair possibility that the stay for which he prays will work damage to someone else." *See Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). A trial court's decision to allow or deny discovery is reviewable only for abuse of discretion. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (citing *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

As explained more fully below, there is good cause to temporarily stay discovery as the present discovery is not reasonable considering the circumstances. Moreover, granting a temporary stay does not harm or prejudice any of the existing parties. Accordingly, the Court

4

should exercise its discretion and temporarily postpone discovery pending the Court's ruling on the Coalition's motion to intervene.

DISCUSSION

I.      *A Stay Is Necessary To Protect The Integrity Of The Motion To Intervene And To Protect The Coalition's Right To Participate In Discovery*

The very purpose of a motion to intervene is to permit non-parties to protect their rights and interests affected by litigation by joining the lawsuit. *See, e.g.*, *Wilderness Soc. v. United States Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011). The Coalition's motion to intervene was lodged immediately after the filing of the Complaint and before any responsive pleading was filed by any of the named defendants. The timing of the Coalition's motion to intervene is key. The objective of the Coalition's timely filed motion was to enable Coalition participation from the very beginning of this litigation. Stated differently, the purpose of the Coalition's motion to intervene was to protect the Coalition's interests at all stages of litigation, including discovery. Here, that purpose is not respected. Instead, there is a blatant attempt to exclude the Coalition from any meaningful influence regarding the initial discovery process including participation in the depositions of defendant-witnesses prior to the Coalition potentially being a party to this action. This action cannot be condoned as it defeats the intent of nonparty intervention as contemplated by the federal rules.

Because of the early stage of the litigation, the Coalition did not move for a stay of discovery although clearly entitled to do so. *See e.g., In re Application of Alves Braga*, 789 F. Supp. 2d at 1307. At the time the Coalition filed its timely motion to intervene, no discovery was pending and there was no apparent need for a stay. The need for a stay is now clearly apparent. The named parties are attempting to conduct discovery, to the detriment of the

Coalition, regardless of the pending the pending motion--a motion that would make the Coalition a party defendant.

On June 1, 2012, the existing parties filed a proposed scheduling order ("PSO") (D.I. 39). As explained more fully in the Coalition's Objection to "Stipulated Discovery Plan and Scheduling Order" (D.I. 43), the PSO was orchestrated between the parties in haste and without giving notice of any kind to the Coalition's counsel.  The PSO proposed a truncated discovery plan with unreasonable deadlines that can only be construed as an attempt to prevent the Coalition from playing a meaningful role in this action.  Notwithstanding the Coalition's objection to the PSO or a ruling by this Court on either the objection or the Coalition's motion to intervene, the parties continued their plan to exclude the Coalition by hurriedly scheduling depositions and issuing subpoenas.  The timing of the requested discovery is telling. Notwithstanding the pending motions and objections, the Coalition received notice of the named-party depositions on June 25th and 26th.  *See* App. 3-5 and 6-9.  The depositions were set on July 9th and July 3rd--well before this Court would be in a position to rule on the motion to intervene or on the objection to the PSO.   Furthermore, despite repeated attempts by the Coalition to postpone the depositions, those communications have been ignored.  In short, the timing of the requested discovery can only be interpreted as an attempt to exclude the Coalition from participation and rushed attempt to avoid the impact of the intervention in the event this Court grants the Coalition's motion to intervene. Thus, in consideration of all the various factors, a temporary stay is justified.

That justification is further made clear when evaluating potential harm and prejudices. Clearly, there is no prejudice if the depositions are delayed.  However, if discovery is not delayed and the Coalition is not a participant in the discovery, the Coalition cannot protect its

6

rights and interests.  A full discussion of those rights and interests can be found in the briefing in support of the motion to intervene.  (D.I. 30)   A discussion of the prejudice resulting from the Coalition's absence in the discovery process is set forth in the Coalition's Objection to Stipulated Discovery Plan and Discovery Order.  (D.I. 43)  Both discussions are incorporated by reference. It suffices to say that there is no reason for rushing forward with the depositions now other than to exclude Coalition participation.  Again, this is an implicit admission of the important role the Coalition will play if this Court grants the motion to intervene.  To protect that role as well as the integrity of the intervention process set forth in Rule 26 of the Federal Rules of Civil Procedure, the Coalition respectfully submits that this Court should stay pending and future discovery pending a ruling on the motion to intervene.

II.      *Given The Timing Of The Harvey And Alba Depositions, This Motion Must Be Heard On An Expedited Basis to Prevent Substantial Prejudice To The Coalition*

The Coalition's request that this motion be heard on an expedited basis is an extension of the arguments presented above.  As explained above, the temporary stay is the only means of protecting the Coalition's rights in discovery.  As set forth in the following Affidavit of Daniel W. Bower (App. 1), the Coalition made a sincere effort to resolve this matter prior to the filing of this motion.  Moreover, given the timing of the notices of deposition and the short time frame involved--approximately one week--the AOG has made it impossible to challenge its actions other than by expedited means.  *See* App. 3-5 and 6-9.  In short, there is good cause for hearing this motion on an expedited basis.  Given the importance of the issue and the potential prejudice involved--not being able to participate in discovery--the Coalition respectfully requests this matter be heard on an expedited basis.

7

<u>CONCLUSION</u>

In light of the foregoing, we respectfully request that this Court schedule an expedited hearing prior to **10 a.m. (Pacific Time) on Tuesday, July 3, 2012** to consider our motion to enter an order temporarily staying discovery until this Court rules on the Coalition's motion to intervene.

Dated: June 29, 2012

/s/ Monte Neil Stewart
Monte Neil Stewart (Nevada Bar No. 1459)
Craig G. Taylor (Admitted *pro hac vice*)
**BELNAP STEWART TAYLOR & MORRIS PLLC**
12550 W. Explorer Drive, Suite 100
Boise, Idaho 83713
Tel: 208-345-3333 / Fax: 208-345-4461
Email: stewart@belnaplaw.com
          ctaylor@belnaplaw.com

D. Chris Albright (Nevada Bar No. 4904)
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT, PC**
801 South Rancho Drive, Suite D4
Las Vegas, Nevada 89106-3854
Tel: (702) 384-7111 / Fax: (702) 384-0605
Email: dca@albrightstoddard.com

*Lawyers for Intervenor-Defendant the Coalition for the Protection of Marriage*

8

### CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2012, the foregoing document was filed with the Clerk of the Court for the United States Court, District of Nevada by using the CM/ECF system. The following parties received copies electronically:

Jon W. Davidson – jdavidson@lambdalegal.org
Tara L. Borelli – tborelli@lambdalegal.org
Peter C. Renn – prenn@lambdalegal.org
Shelbi Day - sday@lambdalegal.org
Carla Christofferson – cchristofferson@omm.com
Dawn Sestito – dsestito@omm.com
Melanie Cristol – mcristol@omm.com
Rahi Azizi – razizi@omm.com
Kelly H. Dove - kdove@swlaw.com
Marek P. Bute – mbute@swlaw.com
C. Wayne Howle – whowle@ag.nv.gov
Michael Foley – michael.foley@ccdanv.com
Herbert Kaplan - hkaplan@da.washoecounty.us
Randal Munn – rmunn@carson.org

   /s/Monte N. Stewart
   Monte N. Stewart

9

**APPENDIX IN SUPPORT OF
MOTION TO IMMEDIATELY STAY DISCOVERY PENDING
RULING ON MOTION TO INTERVENE**

<u>**Table of Contents**</u>

Affidavit of Daniel W. Bower ......................................................................................1

Notice of Taking Deposition of Amy Harvey Washoe County Clerk .........................3

Notice of Taking Deposition of Diana Alba Clark County Clerk ...............................6

Contact Information for All Parties .............................................................................9

**AFFIDAVIT OF DANIEL W. BOWER**

State of Idaho          )
                          ) ss
County of Ada          )

I, Daniel W. Bower, being first duly sworn testify of my own personal knowledge that:

1. I am one of the lawyers representing the Coalition for the Protection of Marriage ("Coalition") relative to *Sevcik et al. v. Sandoval, etc., et al.*, Case No.: 2:12-cv-00578-RCJ-PAL, United States District Court for the District of Nevada ("this case").

2. On Tuesday, June 26, 2012, at 2:35 p.m. (mountain time) our office received an email from Vicki Beavers, Secretary to C. Wayne Howle, notifying us of Diana Alba's deposition scheduled for Monday, July 9, 2012, at 10:00 a.m. in Las Vegas, Nevada.

3. On Tuesday, June 26, 2012, at 5:21 p.m. (mountain time) our office received a second email from Vicki Beavers advising that the deposition of Amy Harvey was scheduled for July 3, 2012 at 10 a.m. in Reno, Nevada.

4. On June 27th and June 28th my firm made several attempts to call Messrs. Keith Munro, Stephen Quinn and C. Wayne Howle in the Nevada Attorney General's office ("AGO") to request that the depositions be postponed.

5. The purpose of the phone calls and subsequent voice message was to discuss the July 3, 2012 and July 9, 2012 depositions of Ms. Harvey and Ms. Alba and to request that the AGO postpone those depositions.

6. Hearing no response from the AGO, on June 29, 2012, my office sent an email to Mr. Munro, as well as Stephen Quinn, and C. Wayne Howle.  In that email we made clear that if we did not hear back from the AGO by 1:00 p.m (mountain time) we would be compelled to file an expedited motion to stay.

7.  As of the filing of this affidavit and related documents,  my office has not received a response from the AGO.

8.  Accordingly, there has been no consent to a hearing on an expedited basis.

9.  It is anticipated that the hearing on the expedited motion would be relatively short, less than an hour.  A list of the office address and telephone numbers of the movant and all affected parties follows this affidavit.

10. As explained in the above supporting memorandum, the Coalition will suffer substantial prejudice if the Court does not enter an order temporarily staying discovery.


Daniel W. Bower

SUBSCRIBED AND SWORN TO before me June ___29th___, 2012.


Notary Public
Residing at Boise ID
My Commission Expires: 12/21/13

TAMMI KILDOW
NOTARY
PUBLIC
STATE OF IDAHO

**2**

1   CATHERINE CORTEZ MASTO
    Attorney General
2   C. WAYNE HOWLE
    Solicitor General
3   WHowle@ag.nv.gov
    Nevada State Bar #3443
4   100 North Carson Street
    Carson City, Nevada  89701-4717
5   Telephone:  (775) 684-1227
    Facsimile:  (775) 684-1108
6   Attorneys for Governor Brian Sandoval
7
8
9                    UNITED STATES DISTRICT COURT
10                    FOR THE DISTRICT OF NEVADA
11
12   BEVERLY SEVCIK, et al.              )   CASE NO. 2:12-CV-00578-RCJ-PAL
                                         )
13                  Plaintiffs,          )   **NOTICE OF TAKING DEPOSITION**
                                         )   **OF AMY HARVEY**
14         vs.                           )   **WASHOE COUNTY CLERK**
                                         )
15   GOVERNOR BRIAN SANDOVAL, acting in  )
     his official capacity, et al.,      )
16                                       )
                    Defendants.          )
17   ────────────────────────────────────
18        TO:   ALL INTERESTED PARTIES
19        PLEASE TAKE NOTICE that on Tuesday, July 3, 2012 at 10 a.m., Defendants,
20   Governor Brian Sandoval, acting in his official capacity, by and through counsel, Nevada
21   Attorney General Catherine Cortez Masto and Solicitor General C. Wayne Howle, will take the
22   deposition of Amy Harvey, Washoe County Clerk, upon oral examination pursuant to Federal
23   Rules of Civil Procedure 26 and 30, before an officer authorized to administer oaths who is
24   neither a party to nor interested in the above entitled action.  The deposition will take place at
25   Sunshine Reporting Services, 151 Country Estates Circle, Reno, NV 89511-4014, telephone
26   number (775) 323 -3411, and will continue from day to day, except legal holidays, until
27   ///
28   ///

*Nevada Office of the Attorney General*
*100 North Carson Street*
*Carson City, NV 89701-4717*

1    completed.  The deposition will be recorded by stenographic means.  A copy of the subpoena
2    duces tecum is attached hereto.
3            DATED this 26th day of June 2012.

5                                               CATHERINE CORTEZ MASTO
                                                Attorney General for the State of Nevada

7            By:

8                                               C. WAYNE HOWLE
                                                Solicitor General

9                                               *Attorneys for Defendant
10                                               Governor Brian Sandoval*

Nevada Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

**4**

1

**CERTIFICATE OF SERVICE**

2

I certify that I am an employee of the Office of the Attorney General, State of Nevada,

3

and that on this 26th day of June 2012, I served a true and correct copy of the foregoing

4

NOTICE OF TAKING DEPOSITION OF AMY HARVEY, WASHOE COUNTY CLERK, on the

5

following parties via first class mail, postage prepaid:

6

7

Carla Christofferson
O'Melveny & Myers LLP
400 South Hope Street
8    Los Angeles, CA 90071

Rahi Azizi
O'Melveny & Myers LLP
12250 W. Explorer Drive, Ste. 100
Boise, ID 83713

9

Dawn Sestito
O'Melveny & Myers LLP
400 South Hope Street
10    Los Angeles, CA 90071

Shelbi Day
Lambda Legal Defense and Edu. Fund, Inc.
3325 Wilshire Boulevard, Ste. 1300
Los Angeles, CA 90010

11

Kelly Dove
Snell & Wilmer, LLP
12    3883 Howard Hughes Pkwy, Ste.1100
Las Vegas, NV 89169

Jon W. Davidson
Lambda Legal Defense and Edu. Fund, Inc.
3325 Wilshire Boulevard, Ste. 1300
Los Angeles, CA 90010

13

14

Marek P. Bute
Snell & Wilmer LLP
3883 Howard Hughes Pkwy, Ste.1100
15    Las Vegas, NV 89169

Tara Borelli
Lambda Legal Defense and Edu. Fund, Inc.
3325 Wilshire Boulevard, Ste. 1300
Los Angeles, CA 90010

16

Melanie Cristol
O'Melveny & Myers LLP
17    400 South Hope Street
Los Angeles, CA 90071

Peter C. Renn
Lambda Legal Defense and Edu. Fund, Inc.
3325 Wilshire Boulevard, Ste. 1300
Los Angeles, CA 90010

18

19

D. Chris Albright, Esq.
Albright, Stoddard, et al.
801 S. Rancho Dr., Ste. D-4
20    Las Vegas, NV 89106

Monte N. Stewart, Esq.
Belnap Stewart Taylor, et al.
12550 W. Explorer Drive, Ste. 100
Boise, ID 83713

21

Michael L. Foley
Clark County DA's Office
22    500 S. Grand Central Pkwy. #5075
Las Vegas, NV 89155-2215

Herbert B. Kaplan
Washoe Co. DA's Office
P.O. Box 30083
Reno, NV 89520-3083

23

24

Randal R. Munn
Chief Deputy District Attorney
Carson City DA's Office
25    885 E. Musser St., Ste. 2030
Carson City, NV 89702

Craig G. Taylor
Belnap Stewart Taylor, et al.
12550 W. Explorer Drive, Ste. 100
Boise, ID 83713

26

27

_Vicki Beavers_

28

Vicki Beavers, SLS

Nevada Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717

3

**5**



CATHERINE CORTEZ MASTO
Attorney General
C. WAYNE HOWLE
Solicitor General
WHowle@ag.nv.gov
Nevada State Bar #3443
100 North Carson Street
Carson City, Nevada 89701-4717
Telephone:  (775) 684-1227
Facsimile:  (775) 684-1108
Attorneys for Governor Brian Sandoval

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

BEVERLY SEVCIK, et al.

        Plaintiffs,

    vs.

GOVERNOR BRIAN SANDOVAL, acting in
his official capacity, et al.,

        Defendants.

CASE NO. 2:12-CV-00578-RCJ-PAL

**NOTICE OF TAKING DEPOSITION
OF DIANA ALBA
CLARK COUNTY CLERK**

TO:    ALL INTERESTED PARTIES

PLEASE TAKE NOTICE that on Monday, July 9, 2012 at 10 a.m., Defendants, Governor Brian Sandoval, acting in his official capacity, by and through counsel, Nevada Attorney General Catherine Cortez Masto and Solicitor General C. Wayne Howle, will take the deposition of Diana Alba, Clark County Clerk, upon oral examination pursuant to Federal Rules of Civil Procedure 26 and 30, before an officer authorized to administer oaths who is neither a party to nor interested in the above entitled action.  The deposition will take place at Sunshine Reporting Services, 3770 Howard Hughes Parkway, Suite 300, Las Vegas, NV 89169, telephone number (702) 314-7200, and will continue from day to day, except legal

///

///

Nevada Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717

**6**

1  holidays, until completed.  The deposition will be recorded by stenographic means.  A copy of

2  the subpoena duces tecum is attached hereto.

3      DATED this 21st day of June 2012.

4                                        CATHERINE CORTEZ MASTO,
5                                        Attorney General for the State of Nevada

6                                        By:
7                                            C. Wayne Howle
8                                            Solicitor General
                                             *Attorneys for Defendant*
                                             *Governor Brian Sandoval*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nevada Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717

2

**7**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nevada Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717

## **CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 21st day of June 2012, I served a true and correct copy of the foregoing NOTICE OF TAKING DEPOSITION OF DIANA ALBA, CLARK COUNTY CLERK, on the following parties via first class mail, postage prepaid on:

| | |
|---|---|
| Carla Christofferson<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, CA 90071 | Rahi Azizi<br>O'Melveny & Myers LLP<br>12250 W. Explorer Drive, Ste. 100<br>Boise, ID 83713 |
| Dawn Sestito<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, CA 90071 | Shelbi Day<br>Lambda Legal Defense and Edu. Fund, Inc.<br>3325 Wilshire Boulevard, Ste. 1300<br>Los Angeles, CA 90010 |
| Kelly Dove<br>Snell & Wilmer, LLP<br>3883 Howard Hughes Pkwy, Ste.1100<br>Las Vegas, NV 89169 | Jon W. Davidson<br>Lambda Legal Defense and Edu. Fund, Inc.<br>3325 Wilshire Boulevard, Ste. 1300<br>Los Angeles, CA 90010 |
| Marek P. Bute<br>Snell & Wilmer LLP<br>3883 Howard Hughes Pkwy, Ste.1100<br>Las Vegas, NV 89169 | Tara Borelli<br>Lambda Legal Defense and Edu. Fund, Inc.<br>3325 Wilshire Boulevard, Ste. 1300<br>Los Angeles, CA 90010 |
| Melanie Cristol<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, CA 90071 | Peter C. Renn<br>Lambda Legal Defense and Edu. Fund, Inc.<br>3325 Wilshire Boulevard, Ste. 1300<br>Los Angeles, CA 90010 |
| D. Chris Albright, Esq.<br>Albright, Stoddard, et al.<br>801 S. Rancho Dr., Ste. D-4<br>Las Vegas, NV 89106 | Monte N. Stewart, Esq.<br>Belnap Stewart Taylor, et al.<br>12550 W. Explorer Drive, Ste. 100<br>Boise, ID 83713 |
| Michael L. Foley<br>Clark County DA's Office<br>500 S. Grand Central Pkwy. #5075<br>Las Vegas, NV 89155-2215 | Herbert B. Kaplan<br>Washoe Co. DA's Office<br>P.O. Box 30083<br>Reno, NV 89520-3083 |
| Randal R. Munn<br>Chief Deputy District Attorney<br>Carson City DA's Office<br>885 E. Musser St., Ste. 2030<br>Carson City, NV 89702 | Craig G. Taylor<br>Belnap Stewart Taylor, et al.<br>12550 W. Explorer Drive, Ste. 100<br>Boise, ID 83713 |

Vicki Beavers, SLS

3

**8**

**US DISTRICT COURT FOR DISTRICT OF NEVADA**
**Civil Action No.  2:12-CV-00578-RCJ-PAL**

*Beverly Sevcik and Mary Baranovich; Antioco Carrillo and Theodore Small; Karen Goody and Karen Vibe; Fletcher Whitwell and Greg Flamer; Mikyla Miller and Katrina Miller; Adele Terranova and Tara Newberry; Caren Cafferata-Jenkins and Farrell Cafferata-Jenkins; and Megan Lanz and Sara Geiger, Plaintiffs, v. Brian Sandoval, in his official capacity as Governor of the State of Nevada; Diana Alba, in her official capacity as Clerk for Clark County; Amy Harvey, in her official capacity as Clerk for Washoe County; and Alan Glover, in his official capacity as Clerk-Recorder for Carson City, Defendants.*

| Counsel for Plaintiffs | Telephone: | Fax: | Email: |
|---|---|---|---|
| **Snell & Wilmer LLP**<br>Kelly H. Dove<br>Marek P. Bute<br>3883 Howard Hughes Parkway<br>Suite 1100<br>Las Vegas, NV  89169 | (702) 784-5200 | (702) 784-5252 | kdove@swlaw.com<br>mbute@swlaw.com |
| **O'Melveny & Myers LLP**<br>Carla Christofferson<br>Dawn Sestito<br>Melanie Cristol<br>Rahi Azizi<br>400 S. Hope Street<br>Los Angeles, CA  90071 | (213) 430-8359<br>(213) 430-8359<br>(213) 430-8180<br>(213) 430-8381 | | cchristofferson@omm.com<br>dsestito@omm.com<br>mcristol@omm.com<br>razizi@omm.com |
| **Lambda Legal Defense and Education Fund, Inc.**<br>Jon W. Davidson<br>Peter C. Renn<br>Shelbi Day<br>Tara Borelli<br>3325 Wilshire Blvd., Suite 1300<br>Los Angeles, CA  90010 | (213) 382-7600 | (213) 351-6050 | jdavidson@lambdalegal.org<br>prenn@lambdalegal.org<br>sday@lambdalegal.org<br>tborelli@lambdalegal.org |
| **Counsel for Brian Sandoval, Defendant** | Telephone: | Fax: | Email: |
| Catherine Cortez Masto<br>Attorney General<br>C. Wayne Howle<br>Solicitor General<br>100 North Carson Street<br>Carson City, NV  89701-4717 | (775) 684-1227 | (775) 684-1108 | whowle@ag.nv.gov |

**9**

| *Other AGO Contacts:*<br>Keith Munro, Asst. Attorney General<br>Stephen Quinn, Chief Deputy Attorney<br>General | (775) 684-1233<br>(775) 684-1222 | | kmunro@ag.nv.gov<br>squinn@ag.nv.gov |
|---|---|---|---|
| **<u>Counsel for Diana Alba, Defendant</u>**<br><br>Steven B. Wolfson<br>District Attorney<br>Civil Division<br>By:  Michael L. Foley<br>Deputy District Attorney<br>500 South Gran Central Pkwy.<br>P.O. Box 552215<br>Las Vegas, NV  89155-2215 | **Telephone:**<br><br>(702) 455-4761 | **Fax:** | **Email**:<br><br><br><br>Michael.Foley@ccdanv.com |
| **<u>Counsel for Amy Harvey, Defendant</u>**<br><br>Richard A. Gammick<br>Washoe County District Attorney<br>Herbert B. Kaplan<br>Deputy District Attorney<br>P.O. Box 30083<br>Reno, NV  89520-3083 | **Telephone:**<br><br>(775) 337-5700 | **Fax:** | **Email**:<br><br><br>hkaplan@da.washoecounty.us |
| **<u>Counsel for Alan Glover, Defendant</u>**<br><br>Neil A. Rombardo<br>District Attorney<br>Randal R. Munn<br>Chief Deputy District Attorney<br>885 E. Musser Street, Suite 2030<br>Carson City, NV  89701 | **Telephone:**<br><br>(775) 887-2010 | **Fax:** | **Email**:<br><br><br>RMunn@carson.org |
| **<u>Counsel for Coalition for the<br>Protection of Marriage, Intervenor-<br>Defendant</u>**<br><br>**Belnap Stewart Taylor & Morris<br>PLLC**<br>Monte N. Stewart<br>Craig G. Taylor<br>12550 W. Explorer Drive, Suite 100<br>Boise, ID  83713<br><br>**Albright, Stoddard, Warnick &<br>Albright, PC**<br>D. Chris Albright<br>801 South Rancho Drive, Suite D4<br>Las Vegas, NV  89106-3854 | **Telephone:**<br><br><br><br>(208) 345-3333<br><br><br><br><br><br>(702) 384-7111 | **Fax:**<br><br><br><br>(208) 345-4461<br><br><br><br><br><br>(702) 384-0605 | **Email**:<br><br><br><br>stewart@belnaplaw.com<br>cgtaylor@belnaplaw.com<br><br><br><br><br>dca@albrightstoddard.com |

**10**